IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PATRICK BERNARD SMITH, #896428 | § | |
| VS. | § | CIVIL ACTION NO. 6:10cv243 |
| ROBERT ROE, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff Patrick Bernard Smith, a prisoner previously confined at the Beto Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The present Memorandum Opinion concerns a motion for summary judgment limited to the defense of exhaustion of administrative remedies (docket entry #132) filed by Defendants Carlvin, Davis, McClendon, Vickery, Wright, Barnes, Roe, Olsen and Amicus Curiae in behalf of DePalma (hereinafter "Defendants"). The Plaintiff filed a response pursuant to an order of the Court (docket entry #133).

### Facts of the Case

The original complaint was dated March 30, 2009 and filed in the Southern District of Texas on April 3, 2009. On May 5, 2010, the Plaintiff's claims about matters occurring at the Beto Unit were severed from the lawsuit and transferred to this Court. On August 5, 2010, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to

1

consider the Plaintiff's Beto Unit claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The Plaintiff testified as to the nature of his claims.

The lawsuit concerns incidents that occurred at the Beto Unit in March 2009. The Plaintiff alleged that the Defendants were deliberately indifferent to his serious medical needs and that he was the victim of excessive use of force. He also mentioned retaliation and the Americans with Disabilities Act. The details of the claims are not necessary for the resolution of the present motion.

In the present motion, the Defendants argued that the Plaintiff did not properly exhaust his administrative remedies with respect to any of his claims. He filed four grievances during the relevant time period. On March 4, 2009, he filed a Step 1 grievance in Grievance #200911171. He never filed the requisite Step 2 grievance in order to complete exhaustion. On March 18, 2009, he filed a Step 1 grievance in Grievance #2009117825, which included complaints about being removed from the infirmary to F-Wing by Defendants Olsen and Roe. While the Step 1 grievance was pending, the Plaintiff filed the present lawsuit. The Plaintiff filed a Step 2 grievance on April 13, 2009, which was denied on May 27, 2009. The Plaintiff filed a third grievance on March 20, 2009, which concerned the Hughes Unit, as opposed to the Beto Unit. The Plaintiff filed a final grievance about an excessive use of force incident on March 30, 2009, in Grievance #2009124129. It is again noted that he dated the complaint on the same day. The grievance was denied on May 8, 2009. His Step 2 grievance was denied on June 5, 2009. The Defendants correctly noted that the lawsuit was filed before the Plaintiff exhausted any of his claims, thus they argued that the lawsuit should be dismissed for failure to exhaust.

2

The Plaintiff filed a response (docket entry #133) on October 28, 2010. He argued that the motion should be denied because he added all of the Defendants in an amended complaint after he exhausted his administrative remedies.

Discussion and Analysis

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court accordingly unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731 (2001). The Supreme Court subsequently held that exhaustion is mandatory and is required for all actions brought by prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The Supreme Court subsequently reiterated that exhaustion is mandatory and will not be excused when an inmate fails to timely exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Exhaustion also requires that a prisoner satisfy the requirement of "proper exhaustion." *Id.* at 83. The Supreme Court's most recent pronouncement on exhaustion was in *Jones v. Bock*, 549 U.S. 199 (2007). The Supreme Court stated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216.

Most recently, the Fifth Circuit provided guidance concerning how the exhaustion question should be handled in *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010). The following guidelines were provided:

3

> As a final matter, we now provide a brief summary of how district courts should approach exhaustion questions under the PLRA. When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary.

*Id.* at 272-73.

In the present case, the Plaintiff clearly did not exhaust his claims before he filed the lawsuit. The Defendants correctly argued that the lawsuit should be dismissed because the Plaintiff did not follow the law regarding exhaustion. Their motion for summary judgment based on the defense of exhaustion of administrative remedies should be granted. It is accordingly

**ORDERED** that the Defendants' motion for summary judgment limited to the defense of exhaustion of administrative remedies (docket entry #132) is **GRANTED** and the lawsuit is **DISMISSED** with prejudice. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **1** day of **November, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE

4